IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02680-RBJ-KLM

JOHN DOE,

    Plaintiff,

v.

MERCK & CO., INC., and
MERCK SHARP & DOHME CORP.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Proceed Anonymously, and Brief in Support Thereof** [Docket No. 2; Filed October 14, 2011] (the "Motion to Proceed") and Defendants' **Motion to Dismiss** [Docket No. 9; Filed November 28, 2011] (the "Motion to Dismiss"). On November 28, 2011, Defendants filed a Response to the Motion to Proceed [#9]. On December 1, 2011, Plaintiff filed a Reply to the Motion to Proceed [#12]. The Motion to Proceed is thus ripe for review. For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Proceed [#2] and **DENIES without prejudice** Defendants' Motion to Dismiss [#9].

    Plaintiff is a Colorado resident who brings, in short, a products liability action against Defendants. *See Compl.* [#1] at 1, 11-27. Defendants are two related global pharmaceutical companies in the business of "advertising, soliciting, promoting and distributing prescription drugs." *Id.* at 1-2. One of these drugs, Propecia, is marketed and

prescribed for the treatment of male pattern baldness. *See id.* Plaintiff alleges that he suffered numerous severe side effects, primarily of a sexual nature, from the use of Propecia. *See id.* at 10-11. Among his alleged injuries are permanent "erectile dysfunction, decreased libido, loss of sexual sensation, decreased semen output, testicular pain," depression, and anxiety. *Id.*

Through his counsel, Plaintiff requests permission to proceed anonymously in this lawsuit. *See id.* at 1; *see also Motion to Proceed* [#2]. He asserts that the nature and details of his injuries are "of the utmost and highly sensitive, intimate and personal nature as they center on issues of a highly sexual nature." *Motion to Proceed* [#2] at 2. Due to the nature of the alleged injuries, Plaintiff seeks leave to proceed anonymously to preserve his privacy. *See id.* He avers that there is no public interest requiring him to publicize his name. *See id.* at 3. However, Plaintiff agrees to provide his name and all required information, such as medical records, to Defendants. *See id.*

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (citing *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *See M.M.*, 139 F.3d at 799 (review of a district court decision denying leave to proceed under a pseudonym pursuant to the abuse of discretion standard). The Federal Rules of Civil Procedure do not contemplate the anonymity of parties. *Id.* at 802. To the contrary, Rule 10(a) requires that the complaint "name all the parties," and Rule 17(a) prescribes that an action be prosecuted "in the name of the real party in interest." However, federal courts have granted permission to plaintiffs to proceed anonymously under certain limited circumstances.

The Tenth Circuit historically has looked to the Eleventh Circuit's jurisprudence regarding whether a plaintiff should be allowed to proceed anonymously. *See Femedeer*, 227 F.3d at 1246 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *M.M.*, 139 F.3d at 802-03 (same). The Eleventh Circuit enumerated three contexts in which a pseudonym is appropriate: 1) "matters of a highly sensitive and personal nature;" 2) cases involving a "real danger of physical harm;" and 3) instances "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* Moreover, the Court must "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246 (citing *M.M.*, 139 F.3d at 802-03).

Plaintiff heavily relies on *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011), to support his assertion that his allegations constitute "matters of a highly sensitive and personal nature." *See Reply* [#12] at 2-3. Defendants agree that Plaintiff's alleged injuries are of a sexual nature and may be "personal, sensitive, [and] intimate." *See Response* [#9] at 2, 5. Thus, Plaintiff has demonstrated that use of a pseudonym may be appropriate in this matter. *See Femedeer*, 227 F.3d at 1246.

However, Defendants argue that Plaintiff's allegations are "wholly insufficient to overcome the presumption of 'open court proceedings, and the public's concomitant interest in knowing the identity of litigants.'" *Id.* (quoting *Motion to Proceed* [#2] at 1). Accordingly, the Court "weigh[s] the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246 (citing *M.M.*, 139 F.3d at 802-03). In order to do this, the Court examines all of the circumstances in the case to balance the interest of Plaintiff in proceeding anonymously against the interest of Defendants in proceeding against a publicly-identified individual. Some of the factors a court may

consider in analyzing all of the circumstances of a given case include whether the plaintiff is a minor, whether he was or is likely to be threatened with physical harm by proceeding in his own name, and whether proceeding anonymously creates "a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316.  The Court must "take into account the actual allegations made" by Plaintiff and "adequately consider . . . the scope of harm [he] face[s] if [he] were forced to reveal [his] identit[y]." *Id.*

Plaintiff has cited no federal or state court decisions in which a plaintiff alleging injuries from the side effects of a drug has been permitted to proceed anonymously. Plaintiff asserts that the circumstances of this case are enough, however, to allow him to proceed as a "John Doe," based on such factors as: (1) "no prejudice or harm will come to Defendant[s] from Plaintiff's use of the pseudonym;" (2) "Plaintiff seeks no advantage by proceeding anonymously;" (3) forcing "Plaintiff to reveal his name would have a chilling effect on Plaintiff and other future plaintiffs' willingness to bring cases that involve sexual and mental injuries and would only serve to harm the public interest in having such cases brought to trial;" (4) Plaintiff's reason for using Propecia "had nothing whatsoever to do with sexual function;" and (5) forcing Plaintiff "to reveal his name serves no public interest." *Reply* [#12] at 3-5.

Defendants provide one unpublished state-court opinion in which a plaintiff alleging injuries from the side effects of a drug was denied permission to proceed anonymously. *See Z.M. v. Merck Sharp & Dohme Corp.*, ATL-L-9169-11 (N.J. Super. Ct. Feb. 2, 2012) (unpublished) (provided by Defendants at #17-1).  The circumstances underlying the *Z.M.* decision make the case directly on point, as they involve the plaintiffs' request to proceed anonymously due to alleged sexual dysfunction related to their use of Propecia.  After

-4-

distinguishing the cases provided by the plaintiffs, the court denied the request, stating:

> It is well established that lawsuits are public events. The risk that a plaintiff may suffer *some* embarrassment is simply not enough to overcome the constitutional presumption in favor of open court proceedings. This case and the alleged injuries do not present such an unusual situation in which the need for anonymity outweighs the presumption of openness.

*Memorandum of Decision on Motion* [#17-1] at 3.

In addition, Defendants cite to a number of factors in support of their assertion that Plaintiff should not be permitted to proceed anonymously, including: (1) "[t]he people have a right to know who is using their courts" (quoting *Luckett v. Baudet*, 21 F. Supp. 2d 1029 (D. Minn. 1998) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F. 3d 869, 872 (7th Cir. 1997)); (2) Plaintiff voluntarily chose to bring his private life into the public eye (citing *Doe v. FBI*, 218 F.R.D. 256, 259 (D. Colo. 2003)); and (3) Plaintiff is asking Defendants "to defend [themselves] publicly, while Plaintiff is permitted to hurl his accusations 'from behind a cloak of anonymity;'" (quoting *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007)). *Response* [#9] at 3-5.

Here, the Court conducts the same balancing test contemplated by *Femedeer*. 227 F.3d at 1246 (citing *M.M.*, 139 F.3d at 802-03). First, the Court agrees with the *Z.M.* court's determination that the fact that Plaintiff "may suffer *some* embarrassment" is not enough to justify anonymity. *See Memorandum of Decision on Motion* [#17-1] at 3; *see also Plaintiff B*, 631 F.3d at 1316 (stating that "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment'"). Plaintiff's assertion that "no prejudice or harm will come to Defendant[s] from Plaintiff's use of the pseudonym" is undercut by Defendants' observation that they must defend themselves

"publicly, while Plaintiff is permitted to hurl his accusations 'from behind a cloak of anonymity.'" *Response* [#9] at 4 (citation omitted). Further, while they may attest to Plaintiff's good faith in making his request to proceed anonymously, Plaintiff's second and fourth arguments in support of anonymity ("Plaintiff seeks no advantage by proceeding anonymously;" Plaintiff's reason for using Propecia "had nothing whatsoever to do with sexual function") do not provide relevant points of consideration in determining whether Plaintiff should be permitted to proceed anonymously. Plaintiff's third argument (forcing "Plaintiff to reveal his name would have a chilling effect on Plaintiff and other future plaintiffs' willingness to bring cases that involve sexual and mental injuries and would only serve to harm the public interest in having such cases brought to trial") is belied by the fact that "[a]pproximately one-hundred Plaintiffs have come forward to file cases that have similar injuries and allegations." *Response* [#9] at 7 (citing *Defendants' Notice of "Related" Cases* [#10]). Finally, Plaintiff's fifth argument (forcing Plaintiff "to reveal his name serves no public interest") is plainly incorrect based on Tenth Circuit precedent. As explained in *Femedeer*, "the public has an important interest in access to legal proceedings." 227 F.3d at 1246. The Court finds that the considerations provided by Plaintiff, even cumulatively, do not outweigh the public interest in open access to the courts.

"Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id.* In sum, although Plaintiff alleges various severe physical side effects of a personal and private nature from his use of Propecia, Plaintiff proffers no extraordinary circumstance that would justify his use of a pseudonym as he pursues this civil action. The public interest is strong and outweighs Plaintiff's interest in proceeding anonymously. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Proceed [#2] is **DENIED**. Plaintiff shall file a sworn affidavit under seal revealing his true identity and a contemporaneous motion to seal, on or before **March 2, 2012**. If he pursues the prosecution of this lawsuit, the caption shall bear his correct name, unless the motion to seal is granted or the District Court sustains any objection to this Order.

IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss [#9], which was combined with its Response to Plaintiff's Motion to Proceed, is **DENIED without prejudice** for failure to comply with D.C.COLO.LCivR 7.1C, which states that, "A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper."

Dated and entered at Denver, Colorado, this 17th day of February, 2012.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge